IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALVARO ANAYA | § | CIVIL ACTION NO. _____ |
| | § | |
| VS. | § | ADMIRALTY |
| | § | |
| | § | |
| THE M/V ATAHUALPA, ITS | § | |
| APPAREL, EQUIPMENT, ENGINES, | § | |
| FREIGHT, ETC. *IN REM* | § | |

## PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT

NOW INTO COURT, through undersigned counsel comes Plaintiff, ALVARO ANAYA, who files his Complaint against Defendant, the M/V ATAHUALPA, its apparel, equipment, engines, freight, etc., *in rem*, hereinafter referred to as 'Defendant', and would respectfully show as follows:

### I.  PARTIES

1.      Named Plaintiff herein is ALVARO ANAYA, a person of majority age, and residing in Fort Bend County, Texas.

2.      Named Defendant, the M/V ATAHUALPA, *in rem*, is an oil products tanker vessel flying the flag of the Marshall Islands.  The vessel's IMO Number is 9451460.  The vessel's build year is 2010 and its Call Sign is V7A4329.

3.      The M/V ATAHUALPA is a vessel owned by Defendant, RUMBA SHIPPING CO., a foreign company.

4.      Plaintiff requests that a writ, *in rem*, be issued herein arresting the M/V ATAHAUALPA pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and that after due proceedings, the M/V ATAHAUALPA be sold, and that the claims of Plaintiff be paid with preference and priority over all other claims.

1

5.     Upon information and belief, the M/V ATAHUALAPA will be removed from the territorial waters of the United States if it is not seized. Previous attempts by Plaintiff's counsel to reach the M/V ATAHAUALPA in writing through its insurer and shipping manager have been unsuccessful. The M/V ATAHUALPA its apparel, equipment, engines, freight, etc., may be served by serving its Master.

## II. JURISDICTION AND VENUE

6.     This Honorable Court has jurisdiction over this matter pursuant to the United States Constitution, Article 3, Section 2, Clause 1 as the underlying claim is a maritime tort.

7.     Plaintiff's claims are maintained under the General Maritime Law of the United States.

8.     Plaintiff's claims are designated as admiralty or maritime claims pursuant to Rule 9(h) of the Federal Rules of Civil Procedure for purposes of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

9.     Venue is proper in accordance with 28 U.S.C. § 1391 (b)(2).

## III. FACTS

10.     On information and belief, the M/V ATAHAUALPA is presently located within the jurisdiction of this Honorable Court and/or will be within this district while the action is pending. The vessel transited the Panama Canal on September 21, 2022 and was proceeding North through the Gulf of Mexico.  Its AIS was broadcasting an intended port of call for Houston, Texas with an estimated time of arrival in Houston, Texas of September 22, 2022 at 07:00 (UTC).

11.     Plaintiff, ALVARO ANAYA, would show that this lawsuit has become necessary as a result of personal injuries he sustained on or about March 26, 2022.

12.     On or about March 26, 2022, Plaintiff, ALVARO ANAYA, sustained injuries onboard the M/V ATAHUALPA during the course and scope of his employment as a United States Customs and Border Protection Agent.

13.     At all relevant times, the M/V ATAHUALPA was a vessel in navigable waters of Buffalo Bayou and was docked in the Port of Houston at the Kinder Morgan Terminal in Pasadena, Texas.

14.     At the time of the occurrence, Plaintiff was tasked with conducting an immigration inspection of the M/V ATAHUALPA's crew in his capacity as a border patrol agent. Once onboard the vessel, Plaintiff was escorted by the vessel's crew to the captain's office to inspect some documentation. Plaintiff was escorted along a designated walkway under cargo piping on deck. While passing under the piping, and without warning, Plaintiff struck his head on an unmarked and unilluminated bracket, which greatly reduced the otherwise uniform overhead clearance of the walkway.

15.     As a result of the impact, Plaintiff suffered severe and debilitating injuries to his head, neck, and other parts of his body.

16.     To the extent that Plaintiff had any pre-existing injuries or medical condition(s) at the time of the occurrence in question, the same was not disabling, and he would respectfully show that such pre-existing condition, if any, was aggravated by the incident made the basis of this suit to such an extent that it became disabling, bringing about the necessity of medical treatment.

### IV. CAUSE OF ACTION FOR NEGLIGENCE

17.     Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

18.     Plaintiff brings this cause of action against Defendant, the M/V ATAHUALPA, its apparel,

equipment, engines, freight, etc., *in rem*, pursuant to the General Maritime Law of the United States.

19.     On or about March 26, 2022, Defendant, the M/V ATAHUALPA, *in rem*, and its crew was negligent, and said negligence was a proximate cause of Plaintiff's injuries.

20.     At all relevant times, it was feasible for said Defendant to provide to Plaintiff, ALVARO ANAYA, and said Defendant owed to Plaintiff, duties of care to maintain the walkway safe and free of obstructions and/or warn of its hazards. Plaintiff further contends that on the occasion in question, Defendant, the M/V ATAHUALPA, *in rem*, acting through its officers, agents, servants, Master, crew, and/or employees, was careless and negligent in breach of the duties owed to Plaintiff, ALVARO ANAYA. Defendant, the M/V ATAHUALPA, *in rem*, was unsafe and negligent in the following respects:

      a.  In failing to safely escort the Plaintiff while onboard the vessel;
      b.  In failing to provide a safe and adequate walkway for Plaintiff to use in performing his duties onboard the vessel;
      c.  In failing to ensure the walkway was free of obstructions;
      d.  In lacking proper lighting;
      e.  In lacking safe means of access throughout the vessel;
      f.  In failing to warn Plaintiff of the unmarked and unilluminated bracket; and,
      g.  Other acts of negligence as proven at time of trial.

21.     Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to suffer the hereinafter complained of injuries for which Defendant, the M/V ATAHUALPA, *in rem*, is liable to the Plaintiff in damages.

22.     As set forth herein, Plaintiff seeks damages against Defendant, the M/V ATAHUALPA, *in rem*, for a maritime tort.  The maritime tort plead by Plaintiff herein gives rise to a maritime lien by operation of law.  *See Merchants National Bank of Mobile v. Dredge General G.L. Gillespie*, 663 F.2d 1338 (5th Cir. 1981), cert. dismissed 456 U.S. 966 (1982).  Therefore, the Plaintiff has a maritime lien against the M/V ATAHUALPA, which can be enforced pursuant to Rule C of the Supplemental Admiralty Rules.

## V.  <u>DAMAGES</u>

23.      As a direct and proximate result of the occurrence alleged, Plaintiff sustained severe and painful injuries to his body and mind, and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause great physical and emotional pain and suffering. In connection therewith, Plaintiff would show that he has sustained severe pain, physical impairment, discomfort, mental anguish, and distress to date. Plaintiff is informed and believes and alleges that, in all reasonable probability, some or all of said injuries will result in permanent damage, disability, and pain and suffering, causing general damages in an amount to be determined at trial. Moreover, Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Furthermore, he has incurred and will incur pharmaceutical and medical expenses in connection with said injuries.  By reason of the foregoing, Plaintiff would show that he has been damaged in a sum, to be determined at trial, far in excess of the minimum jurisdictional limits of this Honorable Court, for which amount he comes now and sues.

24.      By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendant, the M/V ATAHUALPA, *in rem*, is liable to Plaintiff:

       a.   Reasonable and necessary medical expenses in the past and future;
       b.   Physical pain and suffering in the past and in the future;
       c.   Mental anguish in the past and in the future;
       d.   Loss of earning capacity in the past and in the future;
       e.   Physical disfigurement in the past and in the future;
       f.   Physical impairment in the past and in the future;
       g.   All damages referred to elsewhere in this Complaint;
       h.   All damages allowed under law; and,
       i.   Any other relief to which Plaintiff is entitled under law or equity.

25.      All said injuries and damages in an extent, not now precisely known, in excess of $1,000,000.00.

## VI. **PRAYER**

26.      WHEREFORE, after due proceedings had, Plaintiff, ALVARO ANAYA, prays that Defendant, the M/V ATAHUALPA, its apparel, equipment, engines, freight, etc., *in rem*, be cited to appear and answer herein in a form and manner prescribed by law, and that upon final hearing hereon, Plaintiff have judgment against said Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests; that a writ, *in rem*, be issued by this Court pursuant to Supplemental Admiralty Rule C of the Federal Rules of Civil Procedure for the arrest of the M/V ATAHUALPA, to stand as security for the claims of Plaintiff, and that all persons claiming an interest therein be cited to appear and answer the matter aforesaid, and that the M/V ATAHUALPA be condemned and sold to satisfy Plaintiff's claims as set forth in this Complaint, and that Plaintiff's claims be recognized as a maritime lien and be paid with preference and priority; and all costs of Court, and all such other and further relief, to which Plaintiff must show himself justly entitled.

Respectfully submitted,

SCHECHTER, SHAFFER, & HARRIS, L.L.P.

*/s/Matthew D. Shaffer*
MATTHEW D. SHAFFER
TBA # 18085600
LAURA B. DE LA CRUZ
TBA # 24095300
3200 Travis, Third Floor
Houston, Texas 77006
TEL:   (713) 524-3500
FAX:    (866) 696-5610
Mshaffer@smslegal.com
Ldelacruz@smslegal.com

ATTORNEYS FOR PLAINTIFF